THEODORE L. BLOSSER AND D. MARIE BLOSSER, APPELLANTS, *v.* RAY C. WILCOX, ET AL., RESPONDENTS.

No. 5177

March 10, 1967                              424 P.2d 886

*Johnson & Steffen,* of Las Vegas, for Appellants.

*Morton Galane,* of Las Vegas, for Respondent Ray C. Wilcox.

**OPINION**

By the Court, THOMPSON, C. J.:

Blosser commenced this action against Wilcox to compel specific performance of a written agreement to sell real property. The district court ruled that the agreement was too uncertain to allow specific enforcement and denied Blosser that relief. He has appealed. We have concluded that the finding on this point was clearly erroneous and, therefore, do not reach other appellate issues. The case must be reversed for further proceedings not inconsistent with this opinion.

Blosser and Wilcox owned adjoining ranch properties with government cotton allotments. They had negotiated for the sale of the Blosser ranch to Wilcox but could not agree upon a price. Consequently, when a written agreement was finally consummated the matter of price was left to the judgment of an independent appraiser selected by them. The appraiser's task was to determine fair market value. The specific language was to ascertain "the fair market value of the improvements and the farming machinery and related equipment to be transferred by Blosser to Wilcox, a list of such machinery and equipment being set forth in Exhibit A, which said exhibit is attached hereto and by this reference incorporated herein as if fully set forth."[1] An appraisal was made and submitted to the parties. Later the appraiser revised his appraisal downward by $20,000. Blosser sought specific performance of the agreement as implemented by the original appraisal. Wilcox claims that the revised appraisal is the true appraisal, and contended that Blosser, by failing to accept it as such, repudiated the agreement. Wilcox, therefore, by counterclaim sought to rescind the agreement. After hearing the case the lower court declared that it was "impossible to find any agreement of the

---

[1] The quoted proviso is only a part of one paragraph of the agreement. We deem the balance of the paragraph irrelevant to the issue at hand, and do not relate it for this reason.

parties to accept a certain type of appraisal" and concluded that the remedy of specific performance was not available.

It is not uncommon for a seller and buyer to leave the matter of price or value to the judgment of a qualified, experienced appraiser in whom they have confidence. Here, the quoted provision required the appraiser to determine "fair market value"—a phrase having a well defined and rather common meaning.

The lower court fell into error when it assumed that the agreement must specify how the appraiser is to determine market value—the approach to be used—in order to be certain and susceptible of specific enforcement. Such a specification of method is wholly unnecessary, and may be (and normally is) left to the discretion of the appraiser. When the appraisal has in fact been made and the price fixed the contract may be specifically enforced. Martin v. Vansant, 168 P. 990 (Wash. 1917); 5A Corbin, Contracts, Sec. 1173, p. 278.

The difficulty in the instant matter does not arise because of any uncertainty in the written agreement. Rather, it came about because the appraiser made an original appraisal and later revised it. The seller found the first appraisal acceptable; the buyer preferred the revised version. On remand, the lower court will have to decide which of the two figures should govern the parties, and then fashion appropriate relief within the framework of the pleadings and the evidence.

Reversed.

COLLINS and ZENOFF, JJ., concur.